# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**PARNELL R. MAY**                                                                                               **PETITIONER**
*ADC# 153557*

V.                                       NO. 4:22-cv-00653-JM-JTK

**GARY MUSSELWHITE, Deputy Warden**
*Arkansas Division of Correction*                                                                **RESPONDENT**

## RECOMMENDED DISPOSITION

The following recommended disposition has been sent to United States District Court Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I.     Introduction

Petitioner Parnell R. May's ("May") 28 U.S.C. § 2254 habeas petition should be summarily dismissed, without prejudice, because it is clear from the face of the petition that the Court lacks jurisdiction to entertain his claims.

## II.    Background

May, an inmate at the Cummins Unit of the Arkansas Department of Corrections, was convicted of Capital Murder and sentenced to life in prison. (Doc. No. 2)[1] The Court, after reviewing May's *pro* se filing and accessing publicly available documents takes judicial notice that Mr. May's direct appeal is currently active and pending in the Arkansas Supreme Court. (Doc. No. 2, pg. 2)[2]

## III.   Discussion

In reviewing a federal habeas petition, a court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of

---

[1] *See also* Inmate Search, *Arkansas Department of Corrections*, https://apps.ark.org/inmate_info/index.php (search Petitioner's ADC Number 13557).

[2] *See also* Parnell Robert May v. State of Arkansas; CR-22-22, retrieved from https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=CR-22-221&begin_date=&end_date= (last visited July 22, 2022).

the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. Additionally, a court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F2d 736, 738 (6th Cir. 1980).

*Before* a state prisoner can seek federal habeas relief, he ordinarily must "exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts "the first opportunity to review [a federal constitutional] claim and provide any necessary relief" for alleged violations of a prisoner's federal constitutional rights. *O'Sullivan v. Boerckel*, 526 U.S. 838 844-45 (1999). State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). State prisoners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Thus, before seeking federal habeas relief for any alleged violations of his federal constitutional rights, May must raise those claims before the state appellate court, so it has an opportunity to resolve them.

By his own admission, May has not exhausted currently available state court remedies in connection with his Capital Murder conviction and sentence. Accordingly, May's claims should be dismissed, without prejudice, for failure to exhaust.

*After* May has fully exhausted his remedies, at every level of the state court system, he can properly initiate a § 2254 habeas action in federal court.

IV. Conclusion

**IT IS THEREFORE RECOMMENDED THAT** Petitioner, Parnell R May's Motion for Writ of Habeas Corpus Pursuant to § 2254 (Doc. No. 2) be dismissed, without prejudice, and his Motion to Proceed *In Forma Pauperis* (Doc. No. 1) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED THAT** a Certificate of Appealability be **DENIED**. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

**DATED THIS** 25th day of July, 2022.

_____
UNITED STATES MAGISTRATE JUDGE